UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JAMIE GEORGE,** | * | **CIVIL ACTION NO. 21-277** |
| **Individually, and as the natural** | * | |
| **Tutrix of her minor child,** | * | |
| **HUNTER KNIGHT** | * | **JUDGE:** |
| | * | |
| **VERSUS** | * | |
| | * | |
| **GEICO COUNTY MUTUAL INSURANCE** | * | **MAG. JUDGE:** |
| **COMPANY, THEODORE LIVINGSTON** | * | |
| **AND USAA GENERAL INDEMNITY** | * | |
| **COMPANY** | * | **JURY TRIAL** |

*********************************************************************

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE**, Defendant, USAA General Indemnity Company, by and through undersigned counsel, hereby submit this Notice of Removal of the 19th Judicial District Court action referenced herein to the United States District Court for the Middle District of Louisiana, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of the Notice of Removal, Defendants aver as follows:

1. On or about January 25, 2021, an action was commenced by **JAMIE GEORGE, Individually, and as the Natural Tutrix of her Minor Child, HUNTER KNIGHT** ("Plaintiffs"), and was captioned, "*JAMIE GEORGE, Individually, and as the Natural Tutrix of her Minor Child, HUNTER KNIGHT versus GEICO County Mutual Insurance Company, Theodore Livingston, and USAA General Indemnity Company*, Suit No: 70464, Section 27, Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana." See, Plaintiff's Petition for Damages attached hereto as Exhibit A.

2. Plaintiffs asserted that on January 29, 2020, they suffered bodily injury when they were involved in a motor vehicle accident with Theodore Livingston, who Plaintiffs allege was insured by GEICO County Mutual Insurance Company. See, Exhibit A.

3. Because of the alleged incident, Plaintiffs claim they have sustained injuries to their body and mind. See, Exhibit A.

4. Plaintiffs' combination of special and general damages is in excess of this Court's jurisdictional requirement making this claim removable to federal court.

**Diversity of Citizenship**

5. Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over this matter based upon complete diversity of citizenship between Plaintiffs and Defendants.

6. As set forth in the original Petition for Damages, Plaintiffs are citizens, residents and domiciliaries of the State of Mississippi. See, Exhibit A.

7. Defendant, Theodore Livingston, is a resident and domiciliary of the State of Texas. See, Exhibit A.

8. For purposes of diversity jurisdiction, the citizenship of a corporation is determined by both the state where the corporation is incorporated and the state were the corporation maintains its principal place of business.[1]

9. Defendant, USAA General Indemnity Company, is incorporated under the laws of the State of Texas with its principal place of business also in Texas. Therefore, this Defendant is a citizen of the State of Texas.

---

[1] *Baker v. Johnson & Johnson*, 709 F. Supp. 2d 677 (S.D. Ill. 2010). See, also, *Duncan v. St. Louis, I.M. & S. Ry. Co.*, 49 La. Ann. 1700, 22 So. 924 (1897)("Corporations are treated, for purposes of jurisdiction or removal, as citizens of the state under whose laws they are organized."); 28 U.S.C.A. § 1332(c)(1) (West)("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."); *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010)("Term "principal place of business" in Federal diversity jurisdiction statute refers to the place where a corporation's officers direct, control, and coordinate the corporation's activities, in other words the corporation's "nerve center;" in practice it should normally be the place where the corporation maintains its headquarters, provided that the headquarters is the actual center of direction, control, and coordination, and not simply an office where the corporation holds its board meetings, for example, attended by directors and officers who have traveled there for the occasion.").

10. Defendant, GEICO County Mutual Insurance Company, is incorporated under the laws of the State of Texas with its principal place of business also in Texas. Therefore, this Defendant is a citizen of the State of Texas.

11. Accordingly, there is complete diversity amongst the parties.

## Amount in Controversy

12. La. C.C.P. art. 893(A)(1) precludes plaintiffs from articulating a specific monetary amount of damages sought.

13. Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See, Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880 at 882-883 (5th Cir. 2002).

14. On April 15, 2021, Plaintiffs responded to USAA's Requests for Admission. Request for Admission No. 7 requested Plaintiffs to admit that the amount in controversy does not exceed $75,000. See, Exhibit B. Plaintiffs denied the request and responded the claim exceeds $75,000. Defendants received these responses on April 19, 2021. See, Exhibit B.

15. Under Louisiana discovery rules, "[a]ny matter admitted" is "conclusively established unless the court on motion permits withdrawal or amendment of the admission."

16. It well established in this Court that Responses to Requests for Admissions satisfy the amount in controversy requirement of 28 USC § 1332.

17. Thus, the $75,000 amount in controversy requirement of 28 USC § 1332 is satisfied.

## Removal

18. Notices of removal are governed by 28 U.S.C. §1446(b), which provides, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after

receipt by the defendant…of…other paper from which it may first be ascertained that the case is one which is or has become removable."

19. Plaintiffs' Responses to USAA's Requests for Admissions were signed on April 15, 2021. They were not received by Defendants until April 19, 2021. See, Exhibit B. As such, the 30 day time limit to file this Notice of Removal has not elapsed.

20. Since there is complete diversity of citizenship between Plaintiffs and Defendants and because the amount in controversy meets this Court's $75,000 jurisdictional requirement exclusive of interest and costs, this court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, and accordingly, this action may be removed to this Honorable Court pursuant to 28 U.S.C. §§ 1441 and 1446.

21. As shown by the Consent to Removal, all defendants consent to removal of this matter to federal court.

22. Defendants have good and sufficient defenses to Plaintiffs claims for relief and dispute all rights to the relief prayed for in Plaintiff's Petition for Damages.

**WHEREFORE,** Defendant, USAA General Indemnity Company, prays that the above-entitled cause on the docket of the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, be removed from that Court to the docket of the United States Middle District of Louisiana and for trial by jury and other determinations as required by law.

*Signatures on next page*

Respectfully Submitted by:

**TAYLOR, WELLONS, POLITZ & DUHE, APLC**

BY:     /s/ Doran L. Drummond
    Michal M. Thompson (Bar Roll No. 30758)
    Doran L. Drummond (Bar Roll No. 35758)
    4041 Essen Lane, Suite 500
    Baton Rouge, LA 70809
    Telephone: (225) 387-9888
    Fax: (225) 387-9886
    Email: mthompson@twpdlaw.com
          ddrummond@twpdlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Notice of Removal has been electronically filed with the Clerk of Court of the United States District Court for the Western District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing to all counsel of record in this matter via the electronic filing system. I further certify that I mailed the forgoing document and notice of electronic filing by first-class mail to all counsel of record who are not participants in the CM/ECF system on this __13th__ day of May, 2021.

    /s/ Doran L. Drummond
**TAYLOR, WELLONS, POLITZ & DUHE, APLC**